Judge Hitchcock
delivered the opinion of the court:
As to the second error assigned we have no difficulty. It is true that in the written bond of the holder the word dollars is omitted, undoubtedly by mistake. But in the same line eight hundred and sixty-eight dollars in figures is inserted. This, we apprehend, is sufficient to make the instrument a good promissory note for that sum.
The other error assigned presents more difficulty. It raises this question, whether an administrator de bonis non can sustain an action in his own name and in his representative character, where a promissory note is made payable to the former administrator, in which the payee is described as administrator of the intestate. So far as we have known anything of the practice upon the subject in this state, it has been to sue such notes in the name of the representative of the person to whom the note was given. There is much force in the authorities cited by the defendant’s counsel to show that a different practice might, with propriety, be pursued. Still we are not satisfied that it would be proper. Certainly there is no privity of contract between the intestate and the maker of the note. It is a contract made after his decease, and the only indication that it has any connection with his estate is, that it is made payable to the payee, naming him as administrator. This has been held to be a mere description of the person. By taking the note the payee may become liable to the creditors of the intestate to that amount. He will be so liable if the consideration of the note was any part of the estate of the intestate ; and being so liable, it seems to be proper that his representatives should collect the money. To adopt a different principle might lead to this difficulty, that where an administrator had .improvidently intrusted the property of the intestate to irresponsible individuals, he would ^exonerate himself from liability by taking notes payable to himself as administrator. The promise in the present case is to Henry Johnson, administrator, etc. This addition has heretofore been considered merely as a description of the person, and we are inclined still so to consider it. The suit should have been brought in the name of the representatives of the payee, and not of another person. On this account we think the court of common pleas erred in overruling the demurrer, and for that error the judgment will be reversed.
Judge Collett dissented.